MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. (two cases).

GUARANTY TRUST CO. v. SAME.

(Circuit Court, S. D. New York.  October 27, 1908.)

STREET RAILROADS (§ 58*)—INSOLVENCY AND RECEIVERS—CONTRACTS BY RECEIVERS.

Where a contract by a street railroad company letting the advertising space in its cars for a stated term was modified by receivers for the company with the approval of the court, on account of changed conditions, by which modification the receivers have received increased compensation, and the lessee has presumably made contracts in reliance thereon, it will not be set aside and the matter reopened against the objection of the lessee, unless for strong reasons shown.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity.
See, also, 161 Fed. 787.

MORTON TRUST CO. v. METROPOLITAN ST. RY. CO.

(Circuit Court, S. D. New York.  November 2, 1908.)

MORTGAGES (§ 493*)—FORECLOSURE BY ACTION—PLEADING AND ISSUES.

A decree of foreclosure may be entered and a sale ordered before the respective rights and priorities of the mortgagees and other lien

claimants are determined, and without reference to collateral issues permitted to be raised by an intervener by a cross-bill.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1439, 1440; Dec. Dig. § 493.*

Foreclosure in federal courts, see note to Seattle, L. S. & E. Ry. Co. v. Union Trust Co., 24 C. C. A. 523.]

In Equity. On motion to strike out answer.

Bronson Winthrop, for complainant.

Masten & Nichols, for receivers.

LACOMBE, Circuit Judge. This is a motion to strike out the answer of the tort creditors' committee to the bill of foreclosure, upon the ground that said committee was allowed to intervene solely for the purpose of filing cross-bill and sustaining the issues tendered thereby. The validity of the lease from Metropolitan to New York City Railway has nothing to do with the issues properly raised by bill to foreclose the mortgage. If complainant or any of the original defendants have obscured the issues by raising others which deal not with the right of the mortgagee to insist upon a sale in foreclosure, but with questions as to priorities and liens of creditors, the two subjects will be separated by the court when motion is made to apportion the time for taking proofs. It is well settled that a sale may be ordered before the rights of the parties under the several mortgages and other claims have been fully ascertained and determined. First. National Bank of Cleveland v. Shedd, 121 U. S. 74, 7 Sup. Ct. 807, 30 L. Ed. 877. In the case at bar nothing will be allowed to interfere with the orderly progress of the cause to decree of foreclosure and sale; the respective rights of all parties to the proceeds of sale can be adjusted in subsequent decrees under either the original or cross-bill.

The authorities cited in opposition to this motion are not in point, because the committee does not come here as a mere intruder, but by express leave of court to prove if it can, in a plenary suit (instituted by cross-bill) facts which the court has decided should be established in that way rather than upon proof of claim before a master. The circumstance that it is not allowed to serve an answer contesting the validity of the mortgage or the existence of default thereunder is immaterial.

Motion denied.